UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARION ROBINSON,
Plaintiff,

v.

J. JOHNSON, et al.,
Defendants.

Case No. 26-cv-09025-RFL

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Marion Robinson a state prisoner at San Quentin Rehabilitation Center, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **November 13, 2026**. Failure to file an amended complaint correcting the deficiencies identified by November 13, 2026, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

Plaintiff alleges as follows:

In 2025, Defendant Johnson searched Plaintiff's cell and destroyed his personal property. (Dkt. No. 1 at 2.) Several months later, Johnson searched his cell again. (*Id.* at 2-3.) When Plaintiff inquired about the reason for the cell search, Johnson responded, "because I can." (*Id.* at 3.) On October 22, 2025, Johnson placed Plaintiff into a dayroom holding cage, performed a

strip-search, and took some of his papers without issuing a property receipt. (*Id.*) This was due to Plaintiff questioning the prior search. (*Id.*) In November 2025, Plaintiff filed a grievance regarding this incident. (*Id.*)

On March 28, 2026, Plaintiff was searched prior to entering the visiting area for a family visit. (*Id.*) After the visit ended, Plaintiff was walking back to his housing unit when Defendants Henderson, Kyte, and Perez stopped him, placed him against the wall, and performed a full clothed pat down search. (*Id.*) Plaintiff states this second search was in retaliation for his grievance against staff. (*Id.* at 4.)

**C. Analysis**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). The mere threat of harm can be a sufficiently adverse action to support a retaliation claim. *Shepard v. Quillen*, 840 F.3d 686, 688-89 (9th Cir. 2016).

The retaliation claim is dismissed with leave to amend. With respect to the allegation that Johnson searched Plaintiff's cell on October 22, 2025, because Plaintiff previously questioned his conduct, Plaintiff must provide more information. He has not alleged facts

showing why this search was in retaliation for his questioning of the earlier search. He does not provide enough details about what was said in the exchange and when the discussion took place. Also, he does not sufficiently allege facts showing that his questioning of the earlier search was protected conduct. In some circumstances, a verbal complaint could be enough to constitute protected conduct for purposes of a retaliation claim. *See Hackworth v. Torres, No. 1:06-CV-773-RCC*, 2011 WL 1811035, at *6 (E.D. Cal. May 12, 2011). But, without more, simply asking why he was being searched does not plausibly constitute protected activity.

Plaintiff next contends that the search on March 28, 2026, was in response to a grievance he filed in November 2025. Yet, the grievance concerned Johnson, and the search was performed by three others. Plaintiff must provide more information demonstrating that the search was because of his earlier grievance and how he knows the three other Defendants were aware of the grievance against Johnson and searched him as a form of retaliation.

To the extent Plaintiff also seeks to present a claim regarding the destruction or confiscation of his property, the claim is dismissed with leave to amend. Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.*, a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff may attempt to present additional facts to state a federal claim in an amended complaint, but he is also encouraged to seek relief using the appropriate state procedures.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 13, 2026**. The amended complaint must include the caption and civil case number used in this order (26-9025 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 13, 2026

RITA F. LIN
United States District Judge